IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE MIGUEL ROJO, et al., )
)
      Plaintiffs, )
)
v. ) No. 13 C 3181
)
GREAT KITCHENS, INC., et al. )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Great Kitchens, Inc.'s (GKI) partial motion to dismiss and motion to strike. For the reasons stated below, the partial motion to dismiss is denied, and the motion to strike is granted.

## BACKGROUND

Defendant Staffing Network (Staffing) allegedly provides laborers to third party client companies. Staffing allegedly hired Plaintiffs and other similarly situated laborers to work for GKI. According to Plaintiffs, upon reporting to work at GKI, they were regularly required to wait in the cafeteria at the plant for thirty or more minutes before they were permitted to begin working. Plaintiffs contend that they were not compensated for the time that they spent waiting. As a result,

1

Plaintiffs' wages allegedly fell below the federal and Illinois minimum wage requirements. Plaintiffs also contend that they were not paid for all overtime that they worked. Plaintiffs further contend that laborers assigned by Staffing from their office in South Chicago were charged $7.00 for a ride to GKI. Staffing also allegedly failed to provide Plaintiffs with employment notices and work verification forms as required under Illinois state law. Plaintiffs include in their second amended complaint claims alleging a violation of the minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Count I), claims alleging a violation of the overtime provisions of the FLSA (Count II), claims alleging a violation of the minimum wage provisions of the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.* (Count III), claims alleging a violation of the minimum wage provisions of the Illinois Day and Temporary Labor Service Act (IDTLSA), 820 ILCS 175/1 *et seq.* (Count IV), claims alleging a violation of the overtime provisions of the IMWL (Count V), claims alleging a violation of the overtime provisions of the IDTLSA (Count VI), claims alleging a violation of the unpaid wages provisions of the IMWL (Count VII), claims alleging a violation of the unpaid wages provisions of the IDTLSA (Count VIII), claims alleging a violation of the minimum pay provisions of the IDTLSA (Count IX), claims alleging a violation of the transportation charge provisions of the IDTLSA (Count X), claims alleging a violation of the employment notice provisions of the IDTLSA (Count XI), claims alleging a violation of the work verification provisions of the IDTLSA (Count XII), and claims alleging a violation of the time records provisions of the IDTLSA (Count

XIII). GKI now moves to dismiss the claims brought against GKI in Counts VIII, XII, and XIII, and to strike allegations in the second amended complaint that relate to alleged retaliation.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations

3

omitted). Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

**DISCUSSION**

I. Motion to dismiss

GKI moves to dismiss the IDTLSA claims brought against it in Counts VIII, XII, and XIII.

A. Unpaid Wages IDTLSA Claims (Count VIII)

GKI argues that Plaintiffs have not alleged sufficient facts to state a valid IDTLSA claim based on unpaid wages. The IDTLSA provides in part the following: "[i]f a third party client leases or contracts with a day and temporary service agency for the services of a day or temporary laborer, the third party client shall share all legal responsibility and liability for the payment of wages under the Illinois Wage Payment and Collection Act and the Minimum Wage Law." 820 ILCS 175/85(b). GKI argues that in order to be held liable as a third-party client for Staffing, Plaintiffs must have alleged a valid IMWL claim against Staffing. GKI contends that Plaintiffs have failed to allege facts that suggest that Staffing violated the IMWL, contending that Plaintiffs have not alleged sufficient facts to show that they had a mutual assent to form an agreement regarding Plaintiffs' compensation framework. The court notes that although GKI has argued that Plaintiffs have failed to state an

IMWL claim against Staffing, Staffing itself has filed an answer to the second amended complaint and has not challenged the sufficiency of the allegations in Count VIII.

GKI cites to *Stark v. PPM America, Inc.*, 354 F.3d 666 (7th Cir. 2004) for the proposition that for an IMWL claim a plaintiff must establish that he had "a right to compensation pursuant to an employment contract or agreement." *Id.* at 672. GKI argues that Plaintiffs have not alleged sufficient facts to show that such an agreement existed between Plaintiffs and Staffing. However, in *Stark*, the district court ruling at issue was regarding a motion for summary judgement, not a ruling on a Rule 12(b)(6) motion to dismiss. *Id.* The Seventh Circuit made no ruling in *Stark* regarding the pleading standard for an IMWL claim. The Seventh Circuit in *Stark* also ruled that the plaintiff had improperly based his IMWL claim on his employer's past practice, whereas in the instant action, Plaintiffs are making no such argument. *Id.* GKI also cites *National Metalcrafters, Div. of Keystone Consol. Industries v. McNeil*, 784 F.2d 817 (7th Cir. 1986). However, in *National*, the Court was reviewing a district court ruling on a motion for summary judgment motion, not a 12(b)(6) motion to dismiss. *Id.* at 820; 602 F. Supp. 232 (N.D. Ill. 1985). GKI cites no controlling precedent that presents the stringent pleading standard proposed by GKI.

In addition, other opinions cited by GKI are distinguishable from the instant action. GKI cites *Dominguez v. Micro Center Sales Corp.*, 2012 WL 1719793 (N.D. Ill. 2012). (Dis. 4). In *Dominguez*, the court found that the general allegation by the

5

plaintiff that there was some sort of employment contract or agreement was not sufficient to support an IMWL claim. 2012 WL 1719793 at *1. The court held that the plaintiff had to allege the "existence of a contract or agreement that specifically gives her a right to the wages she seeks." *Id.* In the instant action, Plaintiffs have done more than generally allege that some type of employment agreement existed between themselves and Staffing. For example, Plaintiffs, allege that "the agreement Plaintiffs and other similarly situated laborers had with Staffing Network was to be compensated at an agreed-upon rate for all time spent at each third party client company unless otherwise specified in a written 'Employment Notice.'" (SA Compl. Par. 9). Thus, the instant action is distinguishable from *Dominguez*.

Plaintiffs specifically allege in the second amended complaint that they had an agreement with Staffing regarding the terms of their work. (SA Compl. Par. 7-9, 78-79). GKI has not cited controlling precedent that requires that the agreement supporting an IMWL claim be a formally negotiated agreement in writing. Nor were Plaintiffs required to allege details concerning the formation or specific terms of the contract in order to state a claim. *Concentra*, 496 F.3d at 776. In addition, Plaintiffs allege facts that suggest that at least some sort of implicit agreement existed in this case with mutual assent as to payment for worked hours. To the extent that GKI argues that there could have been an agreement by Plaintiffs not to get paid for all the time that they worked, Plaintiffs maintain that if such an agreement existed, Staffing would have had a statutory obligation to memorialize such an agreement in writing. Therefore, GKI's motion to dismiss the claims brought against GKI in

6

Count VIII is denied.

### B. Work Verification IDTLSA Claims (Count XII)

GKI argues that Plaintiffs have not alleged sufficient facts to state a valid IDTLSA claim based on the work verification provisions. The IDTLSA provides in part the following: "[f]or each day or temporary laborer who is contracted to work a single day, the third party client shall, at the end of the work day, provide such day or temporary laborer with a Work Verification Form. . . ." 820 ILCS 175/30. GKI argues that Plaintiffs allege that Plaintiff Jose Miguel Rojo (Rojo) worked "regularly" for GKI, which GKI contends is not consistent with working for only a single day. (Compl. Par. 24). However, the allegation that Rojo worked "regularly" is not necessarily inconsistent with him being contracted to work for a single day. Rojo could have regularly been contracted to work for a single day. Plaintiffs also specifically allege that laborers at GKI were contracted to work for GKI for a single day. (SA Compl. Par. 20). To the extent that GKI complains that Plaintiffs have not identified specific dates when they were contracted to work, no such detail is required at the pleadings stage and, regardless, GKI likely possesses all of the employment records at this juncture that would contain such information. GKI thus does not need to be put on notice as to such dates at this juncture. Therefore, GKI's motion to dismiss the claims brought against GKI in Count XII is denied.

### C. Record Keeping IDTLSA Claims (Count XIII)

GKI argues that Plaintiffs have not alleged sufficient facts to state a valid IDTLSA claim based on the failure to properly keep time records. GKI contends that as a third-party client of Staffing, GKI was not required under the IDTLSA to maintain time records. The IDTLSA provides in part that "[f]ailure by the third party client to remit time records to the day and temporary labor service agency as provided in paragraph (a)(2) shall constitute a notice violation by a third party client under Section 95 of this Act unless the third party client has been precluded from submitting such time records for reasons beyond its control." 820 ILCS 175/12(b). GKI argues that there is no requirement expressly identified in IDTLSA requiring a third-party to maintain records. However, Plaintiffs specifically allege that in addition to failing to properly maintain proper records, GKI is liable for "failure to . . . remit" records. (SA Compl. Par. 111). To the extent that GKI disputes such allegations relating to remittance of records, it is premature at the motion to dismiss stage to challenge the veracity of the facts alleged in the second amended complaint. Therefore, GKI's motion to dismiss the claims brought against GKI in Count XIII is denied.

### II. Motion to Strike

GKI moves to strike allegations in the complaint relating to alleged retaliation by Defendants. Specifically, GKI moves to strike paragraphs 26 through 29 of the second amended complaint. Plaintiffs included retaliation claims in their prior

complaint, but did not include the retaliation claims in the second amended complaint. Some of the factual allegations relating to the retaliation claims remained in the second amended complaint in paragraphs 26 through 29. GKI contends that such allegations are now irrelevant and should be stricken. Plaintiffs indicate that they have no objection to striking such allegations. (Ans. Dis. 3). Therefore, GKI's motion to strike paragraphs 26 through 29 of the second amended complaint is granted.

## CONCLUSION

Based on the foregoing analysis, GKI's partial motion to dismiss is denied, and GKI's motion to strike is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 27, 2014